Filed 9/28/16  Singh v. Gill CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| AJMER SINGH,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JAGRAJ SINGH GILL et al.,<br><br>Defendants and Respondents. | F070810<br><br>(Super. Ct. No. 11CECG03932)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Donald S. Black, Judge.

Ajmer Singh, in pro. per.; Joshi Law Firm and Tanvir Joshi for Plaintiff and Appellant.

Law Offices of William L. Cowin and William L. Cowin for Defendants and Respondents.

-ooOoo-

Appellant, Ajmer Singh, owns and drives a long-haul truck.  Singh filed the underlying complaint against his brother and sister-in-law, respondents Jagraj Singh Gill and Simerjit Kaur, claiming they owed him money for hauling approximately 153 loads across the country.

Although originally represented by counsel, Singh represented himself during the jury trial. Singh testified but presented no other witnesses or exhibits.

At the close of Singh's case, the trial court granted Gill's motion for nonsuit. Because Singh waived his right to a court reporter, there is no transcript of the oral proceedings.

Singh argues the trial court erred when it denied his request for a trial continuance. Singh further contends he was prejudiced during the nonsuit proceedings by the lack of an English language interpreter and the inability to present additional evidence.

Singh has not presented an adequate record to support his claims. Further, what record is available does not demonstrate reversible error. Accordingly, the judgment will be affirmed.

## DISCUSSION

### 1. *The trial court did not err in denying Singh's request to continue the trial.*

A motion to continue a trial is left to the sound discretion of the court. (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395.)

Singh claims he requested a continuance at the beginning of the trial for two reasons. First, he asserts he was physically unwell. However, there is absolutely no evidence in the record to support this allegation.

Singh also contends a continuance was necessary because of his unforeseen lack of counsel. Again, the record does not support Singh's claim. Singh's counsel withdrew on July 9, 2014, and the case was not tried until November 18, 2014, over four months later. Thus, lack of counsel was not unforeseen.

Singh has the burden to show reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575.) He has not done so here. On appeal, we presume the trial court's ruling is correct and, on matters as to which the record is silent, we indulge all presumptions in favor of that correctness. (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 889 (*Ellis*).) Therefore, we must

2.

presume the trial court did not abuse its discretion when it denied the continuance request.

**2.       *Singh had an interpreter for the nonsuit motion.***

Singh's native language is Punjabi.  While acknowledging that he had an interpreter for the trial, Singh argues that he did not have an interpreter for the nonsuit motion.  However, the record belies Singh's claim.

Both Singh and Gill were assisted by interpreters.  Singh's interpreter was not court certified but was present during all of the proceedings.  There is no indication in the record that Singh was ever without the assistance of an interpreter.  Accordingly, Singh has not met his burden to show reversible error.

**3.       *The record does not support Singh's claim he was limited in defending the nonsuit motion.***

Singh argues that he was denied the opportunity to present additional evidence and witnesses in opposition to Gill's nonsuit motion.  However, without a transcript of the proceedings, there is no way to evaluate this claim.  Rather, we must presume that the trial court correctly handled the nonsuit motion.  (*Ellis, supra,* 218 Cal.App.4th at p. 889.)

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondents.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
KANE, J.


_____
 POOCHIGIAN, J.

3.